## UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LORILLARD TOBACCO COMPANY, a
Delaware corporation,

                    Plaintiff,

v.

YAZAN'S SERVICE PLAZA, INC., a
Michigan corporation,

                    Defendants.

_____ /

Case Number: 05-70804

JUDGE PAUL D. BORMAN
MAG. JUDGE WALLACE CAPEL, JR.
UNITED STATES DISTRICT COURT

**OPINION AND ORDER (1) ACCEPTING THE MAGISTRATE JUDGE'S ORDER TO THE EXTENT IT REQUIRES PLAINTIFF TO PRODUCE DOCUMENTS RELATED TO THE CONSUMER COMPLAINT; AND (2) OVERRULING THE MAGISTRATE JUDGE'S ORDER TO THE EXTENT THAT IT REQUIRES DISCLOSURE OF THE CONSUMER COMPLAINANT'S PERSONAL INFORMATION IN THE DOCUMENTS PRODUCED**

Now before the Court is Plaintiff's appeal from Magistrate Judge's March 15, 2006 Order requiring Plaintiff to produce documents related to the consumer complaint (Dock. No. 67). This Court held a motion hearing on May 23, 2006 and ordered Plaintiff to produce the redacted information. The Court has not received objections from Defendant to the information, as redacted. Having considered the entire record, and for the reasons that follow, the Court

    (1) ACCEPTS the Magistrate Judge's Order requiring Plaintiff to produce any documents related to the consumer complaint; and

    (2) OVERRULES the Magistrate Judge's Order to the extent that it requires disclosure of the complainant's personal information in those document(s) produced.

## I.  FACTS

1

In February of 2005, Lorillard Tobacco Company ("Plaintiff") received a complaint from a consumer ("tipster") via its "1-800" consumer hotline number.[1]  The tipster's complaint was in regards to Plaintiff's NEWPORT brand[2] cigarettes purchased at Defendant Yazan's Service Plaza, Inc. ("Defendant" or "Yazan").  (Pl.'s Br. 1-2).  Plaintiff sent Michael McCord ("McCord"), a sales representative, to investigate Defendant on the basis of the complaint.  McCord discovered, and Plaintiff eventually confirmed, counterfeit cigarettes on Defendant's premises.  (Pl.'s Br. 2).  Upon discovery of the counterfeit cigarettes, Plaintiff filed a six-count Complaint[3] on March 2, 2005.  (*Id.*)  Plaintiff also filed a Motion for Ex Parte Seizure Order, Temporary Restraining Order, Preliminary Injunction, and Order Accelerating Discovery, which this Court granted.  Subsequently, Plaintiff found fifty-one packs of counterfeit NEWPORT brand cigarettes on Defendant's premises during the execution of the Seizure Order.  (*Id.*).

Defendant served Plaintiff with its First Request for Production of Documents on September 2, 2005.  (*Id.*).  "Defendant requested the [Plaintiff] produce 'all documents pertaining to Michael McCord's entry and activities in [Defendant]'s store on February 23, 2005, including documents on which he based his decision to enter the state on that date.'" (*Id.*).

---

[1] It appears the hotline number existed for the purpose of reporting possible counterfeit cigarettes.  (Pl.'s Br. 1).

[2] The name NEWPORT was registered with the United States Patent and Trademark Office ("USPTO") on December 12, 1978 and owned by Plaintiff.  (Compl. Ex. B).  Plaintiff also registered the NEWPORT design and symbol with the USPTO.  (*See* Compl. Ex. C, D, E).

[3]

| | | |
|---|---|---|
| Count I: | Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114 | |
| Count II: | Federal Unfair Competition and False Designations of Origin, and False and Misleading Representations, 15 U.S.C. § 1125(a) | |
| Count III: | Trademark Dilution, 15 U.S.C. § 1125(c) | |
| Count IV: | Common Law Unfair Competition | |
| Count V: | Statutory Unfair Competition, MCL 429.42(a) | |
| Count VI: | Michigan Consumer Protection Act, MCL 445.903 | |

2

Plaintiff responded to the Production of Documents request.  On January 11, 2006, Defendant

sought an order compelling Plaintiff to produce "[r]ecords pertaining to the customer complaint

or contact which lead McCord to visit Service Plaza's store in February 2005.  (Pl.'s Br. Ex. 3,

Def.'s Mot. to Compel 3).  On January 27, 2006, Plaintiff filed a response arguing that the

information was irrelevant.  This Court referred the matter to Magistrate Judge Capel pursuant to

28 U.S.C. § 636(b)(1)(A).  Magistrate Judge Capel entered an Order granting in part and denying

in part Defendant's Motion to Compel on March 15, 2006.  Under the Order, Plaintiff was to

produce all of the documents that related to the consumer complaint which prompted McCord's

investigation.  (Order, Docket No. 62).

　　　　On March 28, 2006, Plaintiff appealed the Magistrate Judge's Order.  Defendant

responded on May 18, 2006, after obtaining new counsel.

## II.　　ANALYSIS

### A.　　Standard of Review

　　　　A magistrate judge may be designated to decide "any pretrial matter pending before the

court, except a motion for injunctive relief, for judgment on the pleadings, for summary

judgment . . . ."  28 U.S.C. § 636(b)(1)(A).  The magistrate judge's opinion on a non-dispositive

matter may be reconsidered by a district judge if it is shown that it is clearly erroneous or

contrary to law.  *Id.*; *see also*  FED. R. CIV. P. 72(a); *United States Fidelity and Guaranty Co. v.*

*Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992).

### B.　　Discussion

#### 1.　　Personal Information

The Court finds that the identity of the tipster is not relevant because the tipster's personal information is not essential or vital to a fair determination of whether Defendant sold counterfeit goods of Plaintiff's product.  Defendant argues Plaintiff is a witness.  However, Defendant does not argue, nor has it demonstrated, that the tipster's personal information is in any way relevant to its defense of Plaintiff's claims.  The tipster's identity is not essential or necessary to prepare for this civil case.  The real issue, appears to be that Defendant believes the tipster was not a real individual.  After reviewing the redacted information, the Court finds that information provided is sufficient to show that a real individual telephoned a complaint to Plaintiff, which Plaintiff investigated.

Therefore, because the Court concludes that the circumstances weigh in favor of nondisclosure, the identity of the tipster is properly privileged, and the Magistrate Judge improperly compelled Plaintiff to produce the tipster's personal information with all documents related to the consumer complaint received regarding cigarettes purchased at Defendant's store.  Accordingly, the Court finds that consumer complaint form produced by Plaintiff, with the personal information of the tipster redacted, is sufficient.

### 2.    Documents

The Federal Rules of Civil Procedure define the scope of discovery as follows: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." FED. R. CIV. P. 26(b)(1).

> The requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the [Federal] District Courts should not neglect their power to restrict discovery where justice requires protection for a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . With such authority at hand, judges should not hesitate to exercise appropriate control over the discovery process.

*Herbert v. Lando*, 441 US 153, 177 (1979).

Here, Plaintiff contends that the cigarettes that were the subject of the tipster's complaint are not the basis for the lawsuit. According to Plaintiff, the basis for the lawsuit are the fifty-one packs of cigarettes found on Defendant's premises. The Court, however, finds that the documents related to the consumer complaint may include information relevant to the claim or defense of the parties. In its Complaint, Plaintiff alleges that (1) Defendant's activities of advertising, marketing and *selling* the counterfeit items will mislead the public into believing the infringing materials are authorized by Plaintiff (Compl. ¶ 21); (2) "Defendant's acts and conduct have damages and will continue to damages [Plaintiff] and have resulted in an *illicit gain of profit* to Defendant . . ." (Compl. ¶ 44) (emphasis added); (3) "Defendant has *realized revenue and profits* by virtue of its wrongful acts" (Compl. ¶ 47) (emphasis added); and (4) "The acts and conduct of Defendant are likely to lead the public to conclude . . . that the counterfeit cigarettes market, advertised, *sold and offered for sale* by Defendant originate with [Plaintiff] (Compl. ¶ 50) (emphasis added)." Each of the above mentioned claims alleges Defendant sold the infringing product to consumers. The documents at issue, which Plaintiff claims are irrelevant, are documents that directly relate to the consumer complaint which sparked Plaintiff's investigation. The consumer complaint was the catalyst of Plaintiff's investigation and lead to the discovery of the infringing items. Moreover, the tipster was an individual who purchased the infringing items. It follows that anything the consumer stated regarding the sale of counterfeit cigarettes is relevant evidence for the purpose of discovery because Plaintiff alleges that Defendant possessed and *sold* infringing items.

The Court finds that documents related to the consumer complaint received by Plaintiff

5

regarding cigarettes purchased at Defendant are relevant, and therefore the Magistrate Judge's Order requiring production of the documents is not clearly erroneous or contrary to law. Accordingly, Plaintiff is ordered to produce redacted documents related to the consumer complaint.

## III.    CONCLUSION

For the reasons stated above, the Court:

(1) ACCEPTS the Magistrate Judge's Order requiring Plaintiff to produce any documents related to the consumer complaint; and

(2) OVERRULES the Magistrate Judge's Order to the extent that it requires disclosure of the consumer complainant's personal information in those documents produced.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 21, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 21, 2006.

s/Denise Goodine
Case Manager

7