UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORILLARD TOBACCO COMPANY, a
Delaware corporation,

           Plaintiff,

v.

YAZAN'S SERVICE PLAZA, INC., a
Michigan corporation,

           Defendants.
_____ /

Case Number: 05-70804

JUDGE PAUL D. BORMAN
MAG. JUDGE WALLACE CAPEL, JR.
UNITED STATES DISTRICT COURT

**OPINION AND ORDER ACCEPTING THE MAGISTRATE JUDGE'S ORDER
GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S FIRST AMENDED
COUNTERCLAIM AS UNTIMELY**

Now before the Court is Plaintiff's appeal from Magistrate Judge Capel's July 17, 2006 Order granting Plaintiff's Motion to Strike Defendant's First Amended Counterclaim as Untimely (Dock. No. 103). Having considered the entire record, and for the reasons that follow, the Court ACCEPTS the Magistrate Judge's Order granting Plaintiff's Motion to Strike Defendant's First Amended Counterclaim as Untimely.

**I.    FACTS**

In February of 2005, Lorillard Tobacco Company ("Plaintiff") received a complaint from a consumer ("tipster") via its "1-800" consumer hotline number.[1] The tipster's complaint

---

[1] It appears the hotline number existed for the purpose of reporting possible counterfeit cigarettes. (Pl.'s Br. 1).

was in regards to Plaintiff's NEWPORT brand[2] cigarettes purchased at Defendant Yazan's Service Plaza, Inc. ("Defendant" or "Yazan").  (Pl.'s Br. 1-2).  Plaintiff sent Michael McCord ("McCord"), a sales representative, to investigate Defendant on the basis of the complaint.  McCord discovered, and Plaintiff eventually confirmed, counterfeit cigarettes on Defendant's premises.  (Pl.'s Br. 2).  Upon discovery of the counterfeit cigarettes, Plaintiff filed a six-count Complaint[3] on March 2, 2005.  (*Id*.)  Plaintiff also filed a Motion for Ex Parte Seizure Order, Temporary Restraining Order, Preliminary Injunction, and Order Accelerating Discovery, which this Court granted.  Subsequently, Plaintiff found fifty-one packs of counterfeit NEWPORT brand cigarettes on Defendant's premises during the execution of the Seizure Order.  (*Id*.).

On May 18, 2005, Defendant answered the Complaint and filed a four-count Counterclaim alleging abuse of process, tortious interference with business expectations or relationships, common law unfair competition, and extreme and outrageous conduct arising out of Plaintiff's seizure of counterfeit cigarettes.[4]  (Dock. No. 7, Answer and Counterclaim).  Defendant claims that the items seized were planted at Defendant's site by Plaintiff's sales

---

[2] The name NEWPORT was registered with the United States Patent and Trademark Office ("USPTO") on December 12, 1978 and owned by Plaintiff.  (Compl. Ex. B).  Plaintiff also registered the NEWPORT design and symbol with the USPTO.  (*See* Compl. Ex. C, D, E).

[3]  
| Count I: | Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114 |
| Count II: | Federal Unfair Competition and False Designations of Origin, and False and Misleading Representations, 15 U.S.C. § 1125(a) |
| Count III: | Trademark Dilution, 15 U.S.C. § 1125(c) |
| Count IV: | Common Law Unfair Competition |
| Count V: | Statutory Unfair Competition, MCL 429.42(a) |
| Count VI: | Michigan Consumer Protection Act, MCL 445.903 |

[4] The Counterclaim was filed after evidence which allegedly supported Defendant's claim, including a business computer and store surveillance tapes, were taken.  (Pl.'s Br. 5).

2

representative, Michael McCord, at an earlier date.  (*Id*.).

On January 31, 2006, the Magistrate Judge held a motion hearing and granted Defendant leave to file a first amended counterclaim.[5]  The Magistrate Judge issued a stipulated order granting Defendant leave to file a first amended counterclaim on March 15, 2006 (Dock. No. 63).

A March 23, 2006 order by Magistrate Judge Capel compelled Defendant to produce its business computer, which Defendant alleged was tampered with during the fake seizure, so that Plaintiff's experts could inspect the computer.  (*See* Dock. No. 66, Order to Show Cause).  However, Defendant failed to preserve the evidence referred to in the March 23, 2006 order.[6]  Accordingly, the Magistrate Judge sanctioned Defendant by entitling Plaintiff to "an adverse inference and jury instruction that the jury may infer that Defendant's computer contained information relevant to the lawsuit, that Defendant deliberately destroyed that information contrary to [Magistrate Judge Capel's order], and that the information that was contained on Defendant's computer would have supported the claims and defenses of Plaintiff [] in this action and would have been adverse to the claims and defenses set forth by Defendant [] in this action."  (Dock. No. 84, Order 2).

Defendant's attorney then moved to withdraw as counsel on April 4, 2006.  Plaintiff did not oppose the motion.  The motion was referred to Magistrate Judge Capel, who issued an order

---

[5] Magistrate Judge Capel made the January 31, 2006 ruling from the bench.

[6] Specifically, the March 23, 2006 order allowed Plaintiff's representatives to create an image of the hard drive, inspect Defendant's business computer and any parts for alteration, destruction, damage or manipulation.  (Dock. No. 66, Order ¶ 1).  Defendant was also ordered not to tamper with the computer.  (*Id*. at ¶ 2).

granting the withdrawal of Defendant's counsel on April 13, 2006. Magistrate Judge Capel ordered Defendant to obtain new representation within fourteen days of receipt of the order. On May 1, 2006, seventeen days after Magistrate Judge Capel issued his order, Defendant's new counsel filed his appearance.

The discovery period had ended on April 26, 2006.

Defendant's new counsel was aware from the docket that Magistrate Judge Capel had authorized the filing of an Amended Counterclaim from the March 15, 2006 order. Yet, Defendant did not file its Amended Counterclaim until June 1, 2006.

On June 8, 2006, Plaintiff filed a Motion to Strike Defendant's First Amended Counterclaim as Untimely. Defendant responded on June 22, 2006. On July 17, 2006, the Magistrate Judge entered an order granting Plaintiff's Motion to Strike Defendant's First Amended Counterclaim As Untimely.

Defendant appealed the Magistrate Judge's July 27, 2006 ruling. Plaintiff responded on August 9, 2006.

## II.   ANALYSIS

### A.   Standard of Review

A magistrate judge may be designated to decide "any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment . . . ." 28 U.S.C. § 636(b)(1)(A). The magistrate judge's opinion on a non-dispositive matter may be reconsidered by a district judge if it is shown that it is clearly erroneous or contrary to law. *Id.*; *see also* FED. R. CIV. P. 72(a); *United States Fidelity and Guaranty Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir. 1992).

B.      Discussion

After reading the filings and the July 17, 2006 hearing transcript, the Court finds that Defendant has not provided any contrary authority showing that the Magistrate Judge's decision is clearly erroneous or contrary to law. This case, which was filed in early 2005, has been substantially delayed since that time. The closing date of discovery and the deadline for filing dispositive motions have both been extended two times.[7]

Plaintiff filed two dispositive motions on the dispositive motion cut off date, May 30, 2006: A Motion for Judgment on the Pleadings and/or Summary Judgment as to Defendant's Counterclaim; and a Motion for Summary Judgment on the Issue of Liability. If the Court were to allow Defendant's delayed Amended Counterclaim to stand, the Court would again have to extend the discovery deadline and the dispositive motion cut off date. The Court would also have to strike both of Plaintiff's current motions and briefs,[8] which would have to be rewritten after the close of the, yet again, extended discovery.

In addition, although Defendant's current counsel was not on the case at the time Magistrate Judge Capel granted Defendant leave to file an Amended Counterclaim, Defendant's actions relating to the computer were the reason its counsel withdrew.[9] More importantly,

---

[7] The closing date for discovery was originally set for 10/26/05. Since that time, it was extended by stipulation to 1/26/06, and then to April 26, 2006. Likewise, the original cut off date for dispositive motions was 11/29/05. That date was extended by stipulation to 3/1/06, and then to May 30, 2006.

[8] Plaintiff's Motion for Judgment on the Pleadings and/or Summary Judgment as to Defendant's Counterclaim, and Motion for Summary Judgment on the Issue of Liability are scheduled to be heard by this Court on August 30, 2006.

[9] At the July 13, 2006 hearing, counsel for Plaintiff contended that "the reason defendant had to seek new counsel was because of his own actions in willfully destroying evidence. That was the only reason that counsel withdrew." (Pl.'s Resp. Ex. 7, Hearing Transcript 5:24-25, 6:1-

Defendant was aware on January 31, 2006, that it should proceed with filing its First Amended Counterclaim, yet it did nothing regarding the Amended Complaint until June 1, 2006. Plaintiff, therefore, should not be punished for Defendant's failure to timely file its Amended Counterclaim.

The Court agrees with the Magistrate Judge that Plaintiff has not provided a convincing reason for the delay in filing timely.[10]  The Court also agrees with the Magistrate Judge that Plaintiff would be prejudiced if the Court were to allow Defendant's Amended Counterclaim.[11] Accordingly, the Court is not left with a definite and firm conviction that a mistake has been

---

2).  Magistrate Judge Capel, at the same hearing, when addressing Defendant's new counsel, stated:
> "A month after, or a number of months after I granted [from the bench Defendant's Motion to Amend the Counterclaim], I don't get the order.  Then secondly, the delay, there's no - no question that the delay was due to your client's own conduct for the withdrawal of counsel in the first place."

(Pl.'s Resp. Ex. 7, Hearing Transcript 12:22-24).

[10] This Court agrees with the Magistrate Judge that neglect by counsel was a reason for the delay.  (Pl.'s Resp. Ex. 7, Hearing Transcript 12:17-20).

[11] Magistrate Judge Capel held:
> Well, I'm going to deny this one without – what I'm going to do is I'm going to grant to strike at this point in time, counsel, I don't find under the circumstances – this – this case has gone on a for a long time.  Under the circumstances there's nothing showing me here that – that the prior counsel acted diligently in providing the order to the Court.
> And I also agree with Lorillard on the fact that I see counsel, I understand you're coming in and you're trying to do what's right and do it in a timely manner and it handicaps you, I completely understand that and sympathize with that.  The problem is, is because of your client's own conduct that you had to come in here and secondly because of the fact of – of – of his prior attorney failing to file things in a timely manner, it does prejudice Lorillard under the circumstances.
> . . . .
> But at this point in time I do think that – that Lorillard has suffered prejudice under the circumstances.

(Pl.'s Resp. Ex. 7, Hearing Transcript 13:23-25, 14:1-13, 17-18).

committed, and therefore affirms the Magistrate Judge's order.

### III. CONCLUSION

For the reasons stated above, the Court ACCEPTS the Magistrate Judge's Order granting Plaintiff's Motion to Strike Defendant's First Amended Counterclaim as Untimely.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  August 23, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 23, 2006.

s/Denise Goodine
Case Manager