UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORILLARD TOBACCO COMPANY, a
   Delaware corporation,

                Plaintiff,

v.

YAZAN'S SERVICE PLAZA, INC., a
   Michigan corporation

                Defendant.

Case No.: 05-70804
Hon. Paul D. Borman

| | |
|---|---|
| Kathleen A. Lang (P34695) | Benjamin J. Aloia (P54424) |
| Nicole M. Wotlinski (P66519) | Aaron M. Keyes (P68757) |
| Michelle R. Heikka (P66122) | ALOIA & ASSOCIATES PC |
| DICKINSON WRIGHT PLLC | Attorneys for Defendant |
| Attorneys for Plaintiff | 48 S. Main Street, Suite 3 |
| 500 Woodward, Suite 4000 | Mount Clemens, Michigan 48043 |
| Detroit, Michigan 48226 | (586) 783-3300 |
| (313) 223-3500 | |

## STIPULATED CONSENT JUDGMENT

At a session of said Court held in the Federal Building, City of Detroit, County of Wayne, and State of Michigan, on_____1/31/08_____

PRESENT:   HON. PAUL D. BORMAN
                    U.S. District Court Judge

Based upon the Stipulation and Consent of Plaintiff Lorillard Tobacco Company ("Lorillard") and Defendant Yazan's Service Plaza, Inc. ("Defendant"), the Court hereby enters the following Consent Judgment related to Defendant's sale of counterfeit Newport® Cigarettes:

1.     Defendant stipulates and agrees that it shall pay Lorillard Six Hundred Fifty Thousand Dollars ($650,000)(the "Judgment Amount") pursuant to the terms and conditions of the Plan of Reorganization and any Order Confirming Defendant's Plan of Reorganization (the

"Confirmation Order") in Case No. 07-51820 pending before Judge Thomas J. Tucker in the Bankruptcy Court for the Eastern District of Michigan. Payment shall be made out to "Lorillard Tobacco Company" and shall be delivered to counsel for Lorillard.

2. Defendant stipulates and agrees that should it fail to make any of the required payments pursuant to Confirmation Order, all Plan Payments (as defined in the Confirmation Order) shall be immediately due and owing to Lorillard. Lorillard will thereafter be entitled to pursue all collection remedies provided by law and to recover from Defendant the Plan Payments less any payments previously made pursuant to the Confirmation Order.

3. Defendant stipulates and agrees that commencing immediately from the date of entry of the Order of Permanent Injunction, Defendant and any of its owners, officers, agents, employees acting within the scope of their employment, and Yazan Musleh in his individual capacity who receive actual notice of this Order by personal service or otherwise, are hereby permanently enjoined and restrained from directly or indirectly:

- a. using any reproduction, counterfeit, copy, or colorable imitation of the Lorillard Marks in connection with the importation, sale, offering for sale, or distribution of cigarettes in the United States;

- b. using the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same in any manner likely to cause others to believe that Defendant's products are connected with Lorillard or are genuine Lorillard products, if they are not;

- c. passing off, inducing, or enabling others to sell or pass of any merchandise which is not genuine Lorillard merchandise as and for genuine Lorillard merchandise;

- d. making any false or misleading statements regarding Lorillard or its respective goods, or the relationship between Lorillard and Defendant;

- e. committing any other acts calculated to cause purchasers to believe that Defendant's products are Lorillard's products, if they are not;

f. importing, shipping, delivering, distributing, holding for sale, returning, transferring, otherwise moving or disposing of, in any manner, such cigarettes falsely bearing one or more of the Lorillard Marks or any reproduction, counterfeit, copy, or colorable imitation of the same;

g. other than pursuant to agreement of Lorillard, moving, destroying, or otherwise disposing of any goods, boxes, labels, packaging or other items or documents bearing any reproduction, counterfeit, or imitation of the Lorillard Marks, or removing, destroying, or otherwise disposing of any business records or documents relating in any way to the manufacture, importation, acquisition, purchase, distribution, or sale of goods or merchandise bearing any reproduction, counterfeit, or imitation of the Lorillard marks; and

h. directly or indirectly assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (a) through (g).

i. Although Defendant is the only named Defendant, this Permanent Injunction shall apply with full force and effect to other stores owned or controlled by the owner(s) of Defendant.

4. Defendant stipulates and agrees to place a full page advertisement in the Hamtramck Citizen newspaper as well as a legible 24" by 36" sign in its store on or before January 31, 2008 that reads as follows:

a. The sale of counterfeit cigarettes is against the law and a retailer who sells counterfeits violates the law. It is the legal obligation of Yazan's Service Plaza, Inc. and other retailers to ensure that the cigarettes in its inventory are legitimate and to take measures to ensure that the public receives genuine, not counterfeit, products. Yazan's Service Plaza, Inc. pledges to its customers that it only purchases Newport® brand cigarettes from legitimate sources.

5. Defendant stipulates and agrees to post the sign described in 4(a) above in its store in a window near where the cigarettes are displayed and sold. Defendant further stipulates and agrees that the sign cannot be covered or concealed by any other signs or other materials and cannot contain any other verbiage other than that which the parties have agreed to. Defendant further stipulates and agrees that said sign will remain posted until such time as Defendant has

3

made all payments to Lorillard pursuant to this Consent Judgment, its Plan of Reorganization and the Confirmation Order. Failure to post and maintain the sign as described above shall be deemed a violation of the Consent Judgment.

6. The United States District Court for the Eastern District of Michigan shall retain jurisdiction to enforce the terms of the Consent Judgment between the Parties.

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 31, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 31, 2008.

s/Denise Goodine
Case Manager

**THE PARTIES STIPULATE TO THE ENTRY OF THE FOREGOING CONSENT JUDGMENT:**

| | |
|---|---|
| By: /s/ Nicole M. Wotlinski | By: /s/ Benjamin J. Aloia (w/consent) |
| Kathleen A. Lang (P34695) | Benjamin J. Aloia (P54424) |
| Nicole M. Wotlinski (P66519) | Aaron M. Keyes (P68757) |
| DICKINSON WRIGHT PLLC | ALOIA & ASSOCIATES PC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 500 Woodward, Suite 4000 | 48 S. Main Street, Suite 3 |
| Detroit, Michigan 48226 | Mount Clemens, Michigan 48043 |
| (313) 223-3500 | (586) 783-3300 |

Dated: January 30, 2008

DETROIT 28617-1 1018931v4

4